A. J. TOWER COMPANY *vs.* SOUTHERN PACIFIC COMPANY.

Suffolk.    January 10, 1907. — April 2, 1907.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Carrier,* By water.    *Usage.    Bill of Lading.    Evidence.*

In an action on a bill of lading for the loss of oiled clothing shipped by a vessel of the defendant and lost in a storm by reason of being carried on deck, where the defence was that the goods were inflammable and therefore were within a provision in the bill of lading which permitted such goods to be stowed on deck at the owner's risk, the defendant proved a well defined, uniform and universal custom to treat oiled clothing as inflammable and when carried by water to transport it on deck, and also that this custom was known to the plaintiff. The judge excluded evidence offered by the plaintiff to show that the oiled clothing made by the plaintiff was difficult to ignite and upon ignition did not burst into flame but only charred. *Held,* that the usage proved by the defendant to exist and to have been known to the plaintiff became part of the contract of shipment, and that the evidence offered by the plaintiff properly was excluded as immaterial.

CONTRACT for alleged breach of an agreement in a bill of lading to transport twenty cases of oiled clothing from New York to Galveston, Texas, by a steamship of the defendant. Writ dated December 7, 1900.

At the first trial in the Superior Court *Maynard,* J. ordered a verdict for the defendant, and exceptions alleged by the plaintiff were sustained by this court in a decision reported in 184 Mass. 472.

At the new trial of the case before *Bond,* J. it appeared, as it had at the first trial, that the plaintiff's goods were lost in a storm by reason of being carried on deck, and the defence was that they properly were stowed on deck at the owner's risk because they were " inflammable goods " within the meaning of a clause providing for this in the bill of lading.

The second instruction requested by the plaintiff and refused by the judge, which is referred to in the opinion, was as follows: "2. There is not sufficient evidence of a well-defined, uniform, universal practice among carriers by sea to stow oiled clothing on deck to warrant a finding that there was a custom of which the plaintiff had knowledge and by which it was bound."

The evidence offered by the plaintiff and excluded by the judge is described in the opinion.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions in these two matters, as well as other exceptions which the court did not consider because they were not argued.

*A. B. White*, for the plaintiff.

*W. D. Turner*, for the defendant.

BRALEY, J.  The plaintiff having argued only the exceptions to a refusal to give the second request for instructions and to the exclusion of evidence, the remaining exceptions must be treated as waived.

On substantially similar evidence, when this case was first before us, it was decided, that there was testimony for the consideration of the jury, of a well defined, uniform and universal custom, to treat oiled clothing as inflammable, and when carried by water, because of its combustible character, to transport it on deck.  It also was further held, that while knowledge of the custom by the plaintiff could be found, this question was one of fact for the jury, to whom it should have been submitted, and consequently the exceptions were sustained.  *Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472.

At the second trial, under full and accurate instructions the jury have found that such a custom not only existed, but was known to the plaintiff.  For reasons stated in the former opinion, upon these facts being established, this course of dealing became a part of the contract of shipment, and the defendant, therefore, was not liable for the loss of the plaintiff's goods which were washed overboard while in transit.  The plaintiff's offer of evidence, that the oiled clothing made by the company was difficult to ignite, and upon ignition did not burst into flame, but only charred, was excluded properly.  If combustion from extraneous causes was unlikely, there still existed

the probability shown by common experience of such clothing taking fire by spontaneous combustion, which, upon communication to other goods, might destroy both the cargo and the ship. Stevens on Stowage, § 803. *Providence Washington Ins. Co.* v. *Adler*, 65 Md. 162. It was to guard against this danger that the terms of the contract contained the exception as to the carriage of inflammable goods, by which the plaintiff's right of recovery has been found to be limited. *Tower Co.* v. *Southern Pacific Co., ubi supra.*

*Exceptions overruled.*