————o————

## No. 6098.

## PANAMA SASH & DOOR COMPANY vs. UNITED STATES FIDELITY AND GUARANTY CO.

### Syllabus.

### On Rehearing.

In a building contract the owner cannot compensate what he owes the contractor by what the contractor owes him, to the

— 15 —

prejudice of furnishers of materials or of the surety of the contractor; the reason is that the furnishers of materials have a preference and priority over the contractor and his creditors on the price of the contract. This price in the hands of the owner is impressed with the right of preference, priority and privilege in favor of material men.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 101,089. Hon. Porter Parker, Judge.

A. D. Danziger, for plaintiff and appellee.

J. Zach. Spearing, for defendant and appellant.

K. V. Richard, attorney.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Isidore Singer, owner, contracted with John D. Collins, builder, to put up two cottages for the sum of $1,800.00, payable in three installments, the first for $850.00, the second for $500.00 and the third for $450.00. The defendant, the United States Fidelity and Guarantee Company, signed the bond of Collins, the builder.

Plaintiff filed suit for $298.16, and alleged that it had furnished certain materials to Collins which were used in said cottages and not paid for; that he served an attested account on the owner, Singer, on April 24th, 1914, and recorded the same, and he asks for judgment against the surety, the United States Fidelity Company.

The defendant surety filed a general denial and averred that the owner, Singer, had not paid any amount whatever, but still had in his possession the full amount of the building contract, and if he had made any payments they were not made in accordance with the terms of the contract, and that he is personally liable for the amount

claimed by plaintiff. The company caused Singer to be cited and prayed for judgment against him for whatever amount the company might be condemned to pay plaintiff. Singer answered that he had made the payments to Collins strictly as fixed in the contract, and that he paid every cent to said Collins under the terms of the contract, that in no instance would he do anything whatsoever contrary to or in violation of the terms of the contract. The answer was sworn to.

There was judgment in favor of the Panama Company and against the United States Guarantee Company as prayed for, and rejecting the latter's demand against Singer.

The Guarantee Company has appealed.

Plaintiff has proven its claim and the judgment in its favor against the Guarantee Company must be affirmed.

Can the Guarantee Company recover against the owner, Singer?

Singer testified that he paid every cent of the $1,850.00, that he made every payment the way it was due and no other way. In relation to the first payment he produces the following receipt:

"New Orleans, February 10th, 1912. Received this day of Isidore Singer as per agreement of January 31st, 1912, the sum of $850.00 as first payment on contract, etc."

But Collins testifies that he had purchased a house from Singer and that he owed him $850.00 on it, and when it became due, he, Collins, gave him a receipt for $850.00 as the first payment on the work, and Singer gave him a receipt on account of the property that he had purchased, and that no money actually passed between them; they only exchanged receipts. On page 26:

— 17 —

Q. What would you have done with it, Mr. Collins, if he had given you the $850.00 on that date? What would you have done with the money?

A. I would have paid it to him, because I had promised to pay him.

Q. You would have paid it to Mr. Singer, because you had agreed to pay him that $850.00?

A. Yes, sir, I had agreed to pay it to him, and I propose to keep all my agreements.

This testimony is not contradicted by Singer, although it was given in his presence or in that of his attorney.

It follows therefore that Mr. Singer did not make any payment in money of that $850.00.

Did he have a right as against plaintiff or defendant to retain that first payment, and apply it to the payment of a debt due him by the contractor?

We think not.

By the terms of the building contract the owner bound himself to perform his part of the obligation by a payment in money and not by anything else, nor by any other method. Compensation is not a payment; payment means delivery of a sum of money, C. C., 2131. Upon the faith of that promise the contractor signed the contract, the surety went his bond, and the material men furnished their materials. If the material men were not paid, they could serve the owner with an attested account, and thus arrest the money in his hands. It would not be a defense for the owner to say that the contractor owed him money and that the debts were extinguished by compensation. In the case of "**First Municipality vs. Bell, 4 A., 121, 122,**" the facts are:

The First Municipality made contracts with Bell for the erection of a certain water works. Bell failed to pay

— 18 —

workmen and furnishers of materials for the works. The municipality filed a concursus proceeding against them, and called upon them to litigate their claims against the amount due by it to Bell. One Judson, an ordinary creditor of Bell for money loaned, obtained a judgment against him, issued a **fieri facias** and seized in the hands of the Municipality the money due to Bell. The Supreme Court said:

"His (Bell's) claim is not within the Statute of 1844. He had no right against the plaintiff by reason of the nature of his debt. The anticipated payments are valid against him. He could only acquire such privilege as results from a seizure under execution, and as the entire fund due to his debtor was absorbed by the claim of creditors who were within this statute his pretentions to participate in the fund were properly rejected. Judson argues that the workmen, etc., acquired no privlege upon the fund, because the contracts were not recorded. The argument confused the privilege upon the amount due by the proprietor with the privilege upon the building. The provision for the benefit of that class of creditors is twofold; a right of preference upon the amount due for the work, and a privilege upon the building. If the contractor has not secured himself a privilege upon the building by recording his contract, he must rank as an ordinary creditor of the proprietor and the workmen, etc., cannot be subrogated to a privilege which does not exist. But this does not affect the privilege of the workmen, etc., upon what the proprietor owes. The rights are obviously distinct. The one (the privilege on the buildings) enables the workmen to take rank over the creditors of the proprietor, the other (the privilege upon the amount due) over the creditors of the contractor. The latter privilege may exist without the former."

In the case of **Mulligan, 18 A., 22,** the decree recognizes the "mechanic's privilege or lien on the money seized in the hands of" the owner.

In **Simpson vs. City, 109 La., 897,** the Supreme Court said:

"A furnisher of materials may look to the amount due to the contractor, his debtor, and is not bound to have recourse to the surety on the bond; and it makes no difference that the contractor has assigned his right of payment under the contract. No one can transfer a greater right than he has himself."
See also, **51 A., 1377.**

But it is said that if Singer had paid 'Collins, Collins could have at once used the money paid to him by Singer to pay Singer. We do not think so, because the money paid by Singer was affected by the law with a right of preference in favor of material men and others whose prior rights were entitled to be respected and protected by the owner.

In the case of **Lawson vs. Beard, 94 Fed. Rep., 30 (42)** the Court said:

"Though a creditor when offered money by his debtor, ordinarily may accept it without inquiry, yet if, at the time he receives it, he is told or knows that it belongs to another, for whom his debtor is an agent or trustee, on the plainest principles he acquires no title as against the true owner."
See also, **90 Ill. Ap., 18; First National Bank vs. Gibert & Clay, 123 La., 845; State vs. Jaheans, 117 La., 286.**

The principle is the same whether the superior claims arise from the rights of ownership or privilege. Re-

marks were made where the Court held that an officer of a bank had no authority to draw drafts of the bank in favor of his individual creditor; and if he did so, and the draft was paid out of the funds of the bank, the bank might recover the money against the creditor; that the creditor was put upon inquiry as to the right of an officer to use the funds of the bank to pay his individual debts.

In the present case the inquiry of Singer need go no further than to inquire whether the claims of material men upon the price of the contract were paid. This Singer did not do. That fund was in his hands as custodian for account of all those who might have a right to be paid out of it. It was his duty to see that it was not diverted to other purposes. Certainly Courts cannot help him to combine with the contractor so as to divert the fund to his benefit to the injury of others, nor to make it easy for any one by any device to defeat the claims of preferred creditors on this fund. If instead of suing the surety the plaintiff had sued the owner, we have no doubt that the owner's plea of compensation would have been denied, and that the plaintiff would have recovered judgment against him. By making the payment the surety will be subrogated to the rights of the plaintiff against the owner.

It is therefore ordered that the judgment appealed from is affirmed in so far as it may be in favor of the Panama Sash & Door 'Co., against the defendant, but that in so far as it rejects the demand of the defendant against Isidore Singer that it be reversed; and it is now ordered that the United States Fidelity & Guaranty Company, of Baltimore, have judgment against the said Isidore Singer for two hundred and ninety-eight 16/100 dollars with

legal interest from June 27th, 1912, until paid, and all the costs of this suit in both Courts. This judgment to take effect only after said Guaranty Company shall have paid the judgment against it in favor of plaintiff herein.

Judgment affirmed in part and reversed in part.

By His Honor, JOHN ST. PAUL:

I concur on the ground that the agreement testified to by the contractor and not denied by the owner was such a variation of the building contract, that had the surety known of it he would not have signed.

By His Honor, EMILE GODCHAUX:

I concur in the decree.

Opinion and decree, November 9th, 1914.

Writ denied, December 18, 1914.

Original opinion, Vol. XI, Court of Appeal, page 270.