# BESSIE C. CHUTE AND ANOTHER v. NORTH RIVER INSURANCE COMPANY.[1]

June 17, 1927.

No. 26,104.

**Cracking of an opal not covered by insurance policy covering all risks.**

The loss arising from the cracking of an opal because alone of its inherent tendency to disintegrate cannot be recovered under an "all risk" policy of insurance, even though it covers breakage, if it does not explicitly include loss arising from inherent weakness or tendency to dissolution of the article insured.

Casualty Insurance, 11 C. J. p. 30 n. 44.
Marine Insurance, 38 C. J. p. 1097 n. 94.

Plaintiffs appealed from an order of the district court for Hennepin county, Waite, J., sustaining a demurrer to the complaint. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *L. M. Staples,* for appellants.

*Ware & Melrin, P. F. Sherman,* and *Forrest E. Single,* for respondent.

STONE, J.

Appeal from an order sustaining a general demurrer to the complaint in an action to recover on an insurance policy.

The policy covers "jewelry * * * and/or on furs as per schedule attached, against all risks of loss or damage during transportation (including all risks of loss or damage caused by breakage, fire and theft) or otherwise." Claims for breakage of glass, overwinding, denting and internal damage" to watches and for damage to furs arising "from moth, vermin, wear and tear, or gradual deterioration," are expressly excluded.

[1]Reported in 214 N. W. 473.

Recovery is sought for a fire opal valued at $2,000, because, according to the complaint, while the policy was in force, "the opal * * * became cracked." It "was not cracked at the time said policy of insurance became effective but developed said crack after said policy became effective but during the time it was in force." Then, with commendable candor, the complaint avers "that said crack was due to an inherent vice in said opal and was not the result of outside force." The one question is thus plainly apparent— can there be recovery for mere cracking arising from an inherent defect or tendency of the insured property and not at all from extraneous and fortuitous cause? According to a work on *Gems and Precious Stones of North America* (George F. Kunz) p. 293, quoted by counsel for plaintiffs, fire opals are as "sensitive" as they are gorgeous. They have a tendency to "fissures" and with "only a small loss of color, have become entirely flawed, the cracks being such as to render the stones unfit for setting, since they are liable to break."

The diligence of counsel has failed to furnish us any case in point or even of much help except those arising on policies of marine insurance. But they furnish, we think, a fair analogy. The contract is an "all risk" policy, and of a kind which characterizes marine insurance more than any other. The rule of marine insurance is that under such a policy the insurer is not liable "for losses resulting from inherent vice, defect, or infirmity in the subject matter insured." 38 C. J. 1097. In Arnould, Marine Ins. (11 ed.) § 778, it is put thus:

"The underwriter is not liable for that loss or deterioration which arises solely from a principle of decay or corruption inherent in the subject insured, or, as the phrase is, from its proper vice; as when fruit becomes rotten, or flour heats, or wine turns sour, not from external damage, but entirely from internal decomposition."

In applying this rule we are not unmindful that in marine cases there is on the part of the insured an implied warranty of seaworthiness, and that risks insured against are "perils of the sea." Charles Clarke & Co. v. Mannheim Ins. Co. (Tex. Com. App.) 210

S. W. 528. But, "the purpose of the policy is to secure an indemnity against accidents which may happen, not against events which must happen." Gulf Transp. Co. v. Firemans Fund Ins. Co. 121 Miss. 655, 664, 83 So. 730, 733 (9 A. L. R. 1307) quoting from Lord Herschell in The "Xantho," 12 App. Cas. 503, 509. In Providence Washington Ins. Co. v. Adler, 65 Md. 162, 168, 4 A. 121, 123 (57 Am. R. 314), Kent and Parsons are among the authorities quoted for "another rule, that insurers are not liable for property destroyed by the effect of its own inherent deficiencies or tendencies, unless these tendencies are made active and destructive, by a peril insured against. * * * It would, as Emerigon says, be intolerable that the owner should receive pay for goods, that destroyed themselves." It is no longer intolerable that the owner should receive pay where goods destroy themselves, but the law remains that he cannot get it under a contract of insurance that does not make it clear that such is the intent and such the indemnity purchased. See also Marcy v. Sun Mut. Ins. Co. 11 La. Ann. 748, where recovery was sought for the sinking of a floating dock. A new trial was ordered because among other things the jury was not instructed that if the accident was occasioned "by the inherent defects in the dock," the insured could not recover. Among the other cases cited are Mellon v. Federal Ins. Co. (D. C.) 14 F. (2d) 997, British and Foreign Mar. Ins. Co. v. Gaunt, 90 L. J. (K. B.) 801. Interesting in this connection are the "friendly fire" cases in which it is held that damage, in order to be recoverable under the ordinary fire policy, must arise from a "hostile" as distinguished from a "friendly" fire. They are reviewed in O'Connor v. Queen Ins. Co. 140 Wis. 388, 122 N. W. 1038, 133 A. S. R. 1081, 17 Ann. Cas. 1118, annotated, 25 L.R.A.(N.S.) 501.

True, literal rendition could lead to a contrary result, and ambiguities in insurance policies are resolved ordinarily against the insurer. But to follow that reasoning to its conclusion here would be to control decision by an interpretation so literal as to ignore the purpose of the contract. Plaintiffs purchased and defendant furnished indemnity against loss or damage from fortuitous and ex-

traneous circumstance rather than warranty of the quality and durability of chattels. It takes explicit language indicating that purpose to extend the effect of insurance beyond damage arising from or contributed to by extraneous causes and make it cover loss from automatic deterioration alone. That rule is applied unequivocally in marine insurance. To apply any other here would make the policy cover natural distintegration, something clearly not intended. Because the policy must be considered as one against damage from fortuitous and extraneous risks, it is not permissible to resort to an ultraliteral interpretation which will convert it into a contract of warranty against loss resulting wholly from inherent susceptibility to dissolution.

Order affirmed.